**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| HERBERT SPRINGS ROAD, LLC | * | |
| 835 HERBERT SPRINGS ROAD | * | |
| ALEXANDRIA, VA 22308 | * | |
| | * | |
| *and* | * | Civil No. |
| | * | |
| ABC IMAGING OF WASHINGTON, INC. | * | |
| 4804 MOORLAND LANE | * | |
| BETHESDA MD 20814 | * | |
|     *Plaintiffs* | * | |
| | * | |
| *v.* | * | |
| | * | |
| STEPHEN AND MAUREEN O'KEEFE | * | |
| 8303 EAST BOULEVARD DRIVE | * | |
| ALEXANDRIA, VA 22308 | | |
|     *Defendants* | | |

\* \* \* \* \*\* \* \* \*\* \* \*\* \* \*\* \*   \*   \* \* \* \*\* \* \*\* \* \* \*\* \* \*\* \*

**COMPLAINT**

Plaintiffs Herbert Springs Road, LLC and ABC Imaging of Washington, Inc. (together, "Herbert Springs") by and through its attorneys Todd D. Lochner and Lochner Law Firm, P.C, file this Complaint against Stephen and Maureen O'Keefe ("the O'Keefes"), and state in support thereof:

**Summary of Action**

This action is for damages suffered by Plaintiffs Herbert Springs and ABC Imaging when a floating dock owned by Defendants broke loose from the Defendants' fixed pier on the Maryland waters of the Potomac River, and caused significant damage to Plaintiff's pier  and vessel which was docked on Plaintiff's nearby pier, also on the Maryland waters of the Potomac river.  The

O'Keefe's breakaway floating dock caused approximately $70,000 in damage to Herbert Springs'

vessel and pier, for which the O'Keefes are liable under maritime law.

## Jurisdiction and Venue

1.      This claim is a maritime negligence action and the Court has subject matter

jurisdiction over this action pursuant to 28 U.S.C. § 1333. This is an Admiralty and Maritime claim

within the meaning of Fed. R. Civ. P. 9(h).

2.      Venue is proper in this Court as the casualty occurred entirely within the District

of Maryland.  Maryland's jurisdiction encompasses the entire Potomac river to the Virginia shore

pursuant to the Potomac River Compact of 1958, which states in relevant part that "Maryland is

the owner of the Potomac River bed and waters to the low water mark of the southern [i.e.,

Virginia] shore thereof." *Potomac Shores, Inc. v. River Riders, Inc.*, 219 Md. App. 29, 45, 98 A.3d

1048, 1058 (2014).[1]

3.      This claim is subject to Admiralty jurisdiction as the events leading to and causing

Plaintiff's damages, all occurred on the navigable waters of the Potomac River, several hundred

feet on the Maryland side of the Maryland-Virginia border.

4.      This claim is subject to Admiralty jurisdiction as the general features of the

incident, namely a breakaway floating dock causing injury to a vessel and a pier, are potentially

---

[1] The history of the Potomac boundary dispute and Maryland's eventual ownership of the Potomac dates back to the Compact of 1785, brokered by George Washington.  While a fascinating body of case law has grown around "borderline" cases considering whether the Virginia boundary begins at low or high tide, or whether the boundary is fixed or shifts with geological changes, these issues are entirely academic in this case given that all events and damage occurred several hundred feet over the Maryland side of the border. *See* Exhibit A, various marked charts and maps of the incident area.

disruptive to maritime commerce.  The Potomac River is frequented by many commercial transport vessels, commercial fishing vessels, commercial construction vessels, and other elements of maritime commerce which would be clearly disrupted by a breakaway floating dock impeding navigable waters, or by colliding with such floating dock.

5.      This claim is subject to Admiralty jurisdiction as the general character of the activity giving rise to the incident – namely the storing of boats and floating docks on navigable waters – bears a substantial relationship to traditional maritime activity, as does breakaways which allide causing damage to vessels in navigation.

## Parties

6.      Plaintiff Herbert Springs is a limited liability company duly organized under the laws of Virginia, with its principal place of business in Fairfax County, Virginia. It is the owner of real property located at 835 Herbert Springs Road, Alexandria, Virginia 22308, which abuts the Potomac River.

7.      Plaintiff ABC Imaging is a corporation duly organized under the laws of Maryland, with its principal place of business in Bethesda, Maryland.  It is the owner of the vessel damaged by the O'Keefe's breakaway dock.

8.      Defendants Stephen and Maureen O'Keefe are Potomac natural persons believed to be residents of, and domiciled in, the state Virginia.  They own property located at 8303 East Boulevard Drive, Alexandria, VA 22308, which abuts the River.

## Facts

9.      Sometime prior to 8:47 a.m. on January 12, 2018, O'Keefe's property, specifically, a floating dock, was moored along the Potomac River, at the end of a fixed pier abutting from 8303 East Boulevard Drive, several hundred feet East into the Potomac.  *See* Exhibit A.

10.     O'Keefe had complete responsibility for the care and proper mooring of the floating dock.

11.     O'Keefe's floating dock is approximately 30 feet long and 10 feet wide. Its draft is minimal, and it is heavily influenced by wind.

12.     Sometime prior to 8:47 a.m. on January 12, 2018, during a typical and predicted winter wind storm, the floating dock broke free from the shore of O'Keefe's property and drifted down the Potomac River coming into contact with the end of a fixed pier owned by Herbert Springs, which abuts Herbert Springs' property and extends several hundred feet East into the Potomac.  *See* Exhibit A.  The O'Keefe's breakaway floating dock allided with and damaged Herbert Springs' fixed dock and vessel. The allision occurred approximately sometime just prior to 8:47 a.m. on January 12, 2018, the time at which Herbert Springs' representative discovered the floating dock hitting and damaging the fixed dock and vessel on the Herbert Springs' property.

13.     As a result of the allision Plaintiff's property, both the fixed dock and the vessel stored at the fixed dock - suffered damage in excess of $70,000.00.

14.     The allision was the sole and proximate result of the negligence and wrongdoing of O'Keefe based on the following:

        a.  Failure to exercise reasonable care in securing the floating dock on their property.

b.  Failure to exercise reasonable care in the monitoring of weather reports and to take such action as would be required of the owner of a floating dock in the exercise of reasonable care in the securing of the floating dock in consideration of the weather and the weather forecasts.

c.  Failure to exercise reasonable care in the selection of the size and strength of the securing mechanism for the floating dock to the land given the existing conditions and the conditions that were reasonably foreseeable.

d.  Failure to exercise reasonable care in the maintenance and inspection of measures to secure and monitor the condition of the floating dock.

e.  Failing to conform with industry custom and standards with respect to the securing of floating docks in light of the weather and river conditions anticipated and confronted before and at the time of the breakaway;

f.  Such other negligence as may be proved at trial.

WHEREFORE, the Plaintiff, Herbert Springs Road, LLC, prays:

a)  That there be judgment rendered in favor of Herbert Springs Road, LLC and against Stephen and Maureen O'Keefe in the amount $70,000 or some higher amount to be proved at trial, plus pre- and post- judgment interest, and costs;

b)  That such other and further relief be granted as this Court deems just and proper.

Respectfully Submitted
_/s/_____
Todd D. Lochner (Bar No. 25691)
tlochner@boatinglaw.com

Lochner Law Firm, P.C.
91 Main Street, 4th Floor
Annapolis, MD 21401
(443) 716-4400
*Attorneys for the Plaintiff*